IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EMMANUEL HERRERA SANCHEZ,

                Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

                Respondent.

OPINION and ORDER

25-cv-146-jdp

---

Petitioner Emmanuel Herrera Sanchez, proceeding without counsel, seeks habeas relief under 28 U.S.C. § 2241. Dkt. 1. Herrera Sanchez is nearing completion of a five-year term of incarceration for a federal crime, and he is now subject to an expedited order of removal issued under 8 U.S.C. § 1225(b)(1). Herrera Sanchez contends that because he had been in the United States continuously for the two years prior to the order, he's not subject to expedited removal.

Generally, only the court of appeals has jurisdiction to review final orders of removal. 8 U.S.C. § 1252(a)(5). Judicial review of expedited orders of removal under § 1225(b)(1) is allowed by habeas petition, but that review is limited to the issues defined in 8 U.S.C. § 1252(e)(2). Herrera Sanchez's petition does not fit within scope of allowable petitions. The court will dismiss the petition for lack of jurisdiction.

BACKGROUND

Herrera Sanchez is a native and citizen of Mexico. Dkt. 1-1 at 2. In May 2022, Herrera Sanchez was indicted in this court for distributing 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). *United States v. Herrera Sanchez*, 22-cr-59-jdp, Dkt. 3.

Herrera Sanchez was arrested on a federal warrant as he tried to reenter the United States. Herrera Sanchez was paroled into the United States in June 2022 for the criminal prosecution. Dkt. 1-1 at 2. Herrera Sanchez pleaded guilty to the sole count of the indictment, and I imposed a 60-month term of imprisonment. *Herrera Sanchez*, 22-cr-59-jdp, Dkt. 60 and Dkt. 72. Herrera Sanchez is incarcerated at FCI Oxford and has a release date of September 16, 2026.

On January 13, 2025, the Department of Homeland Security issued a notice and order of expedited removal against Herrera Sanchez. Dkt. 1-1 at 2. The order states that Herrera Sanchez was inadmissible pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I) because: (1) he's a native and citizen of Mexico; (2) he was paroled into the United States for criminal prosecution with authorization to remain no longer than July 13, 2022; and (3) he lacked valid entry documentation. *See id.*

## ANALYSIS

Herrera Sanchez contends that this court may entertain his petition under § 1252(e). I understand Sanchez to also contend that § 1252(e)(2) creates an exception to § 1252(a)(5), allowing district courts to exercise jurisdiction over a habeas petition challenging an expedited order of removal when the petition falls within the scope of § 1252(e)(2).

I will assume that § 1252(e)(2) carves out an exception to the exclusive jurisdiction of the court of appeals under § 1252(a)(5). But the issues that can be addressed by such a petition are restricted:

> (2) Habeas corpus proceedings
>
> Judicial review of any determination made under section 1225(b)(1) of this title is available in habeas corpus proceedings, but shall be limited to determinations of—
>
> (A) whether the petitioner is an alien,
>
> (B) whether the petitioner was ordered removed under such section, and
>
> (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title, such status not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General pursuant to section 1225(b)(1)(C) of this title.

§ 1252(e)(2). Herrera Sanchez contends that the issue he's raising fits within § 1252(e)(2)(A): he argues that he's not an "alien."

Herrera Sanchez says that the term "alien" is defined in § 1225(b)(1)(A)(iii)(II). That provision provides:

> (II) Aliens described
>
> An alien described in this clause is an alien who is not described in subparagraph (F), who has not been admitted or paroled into the United States, and who has not affirmatively shown, to the satisfaction of an immigration officer, that the alien has been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility under this subparagraph.

Herrera Sanchez argues that that he's not an "alien" under this provision because he had been continuously present in the United States for two years before his order of removal. So, the argument goes, under § 1252(e) he's entitled to bring this claim to this court in a habeas petition.

3

The flaw in Herrera Sanchez's argument is that § 1225(b)(1)(A)(iii)(II) doesn't define "alien" as that term is used in Title 8. Rather, § 1225(b)(1)(A)(iii)(II) identifies a category of aliens who are subject to expedited removal under § 1225.[1] The term "alien" in Title 8 means "any person not a citizen or national of the United States." 8 U.S.C. § 1101(a)(3). Herrera Sanchez does not dispute that he is a citizen of Mexico and is thus an "alien" under the general definition. Herrera Sanchez's argument that he should not be subject to expedited removal because he has been in the United States continuously for two years before the order of removal is not one that this court has jurisdiction to hear.

In his reply, Herrera Sanchez raises a new argument: that he can challenge the validity of the expedited order of removal under the Administrative Procedures Act (APA). The argument fails because "[d]istrict courts do not have jurisdiction over an APA challenge to federal-agency action when another federal statute specifically precludes review." *Kightlinger v. Napolitano*, 500 F. App'x 511, 515 (7th Cir. 2013). As explained, § 1252(a)(5) precludes review of Herrera Sanchez's removal order by this court.

---

[1] The court of appeals has so held in *Montes Cabrera v. United States Dep't of Homeland Sec.*, No. 24-3079, 2025 WL 1009120, at *2 (7th Cir. Apr. 4, 2025). The case is unpublished, and thus is not binding authority. But the holding is consistent with the text and structure of the statute pertaining to review of orders of expedited removal.

ORDER

IT IS ORDERED that:

1. Petitioner Emmanuel Herrera Sanchez's petition, Dkt. 1, is DISMISSED for lack of jurisdiction.

2. The clerk of court is directed to enter judgment and close the case.

Entered June 4, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge